UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOESIAN ABRAHAM ORTIZ GARCIA,

                           Movant,

             -against-                                    20 cv 08505 (LAK)
                                                          (17-cr 00601 (LAK))
UNITED STATES OF AMERICA,

                           Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                    **MEMORANDUM OPINION**


LEWIS A. KAPLAN, *District Judge.*

             On February 9, 2018, Joesian Abraham Ortiz Garcia appeared before Magistrate

Judge Stewart D. Aaron and pled guilty, pursuant to a plea agreement, to conspiring to distribute and

possess with intent to distribute more than 100 grams but less than one kilogram of heroin in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  He was sentenced principally to a term of

imprisonment of 108 months, the low end of the Guideline range to which he stipulated in his plea

agreement.  On appeal, the conviction was affirmed and the challenge to the sentence dismissed.

He now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

             Ortiz Garcia now contends that he received ineffective assistance of counsel

principally in that  (a) Ortiz Garcia did not know that he was picking up illegal drugs and (b) his

attorney did not inform him of the elements of the charge and instead whispered in his ear during

the plea colloquy, directing him to state that he knew he was picking up illegal drugs.[1]

---

[1]    As a threshold matter, the Court will assume that Ortiz Garcia's ineffective assistance of
counsel claim is not barred by his failure to raise it on direct appeal or by his waiver of any
right to collaterally attack his sentence. *See Yick Man Mui v. United States*, 614 F.3d 50,

2

The pertinent portion of the plea transcript is as follows:[2]

> THE COURT:  And please tell me in your own words what you did.
>
> THE DEFENDANT:  I tried to transport drugs from New Jersey to New York.
>
> THE COURT:  And what type of drugs did you seek to transport?
>
> THE DEFENDANT:  I don't know.
>
> THE COURT:  Could you describe to the Court in words some estimate of the quantity.
>
> THE DEFENDANT:  I was only sent to get that, and I didn't know what I was going to pick up.
>
> MR. GUZMAN:  One second, Judge.
>
> THE COURT:  Sure.
>
> THE DEFENDANT:  I know those were drugs and it was illegal.
>
> THE COURT:  Explain to the Court, please, what it was that you picked up.
>
> THE DEFENDANT:  I went from New York to New Jersey to pick up drugs to bring it back to New York.  I knew it was drugs, heroin or cocaine.  But at that time I didn't know which one of the two it was.

In essence, Ortiz Garcia contends that following the interjection of his attorney, Mr. Guzman, Mr. Guzman told the defendant to say that he sought to transport illegal drugs.

_____

55 (2d Cir. 2010) (petitioner may "raise ineffective assistance claims in a Section 2255 petition even though no ineffective assistance claims were raised on direct appeal."); *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 196 (2d Cir. 2002) (waiver in plea agreement did not bar ineffective assistance claims).

2

Tr. [Dkt 25] 14:2 1 - 15 :16.

3

I assume, for the sake of discussion only, that Mr. Guzman said exactly that. But that would not get the defendant where he would like to go. Before Mr. Guzman interjected, the defendant admitted under oath that he "tried to transport drugs from New Jersey to New York" but that he did not know the "type of drugs." In that context, Mr. Guzman's (alleged and for these purposes assumed) intervention did no more than have the defendant clarify for the magistrate what the defendant already had admitted  that he had been trying to transport drugs from New Jersey to New York, that he did not know the particular kind of drugs, but that he understood that they were illegal. The magistrate judge thereupon sought to eliminate any possible ambiguity by again asking the defendant what he had picked up. And he succeeded when the defendant responded  without any delay or further interjection from Mr. Guzman, that he knew that he was to pick up heroin or cocaine though he did not know at the time which was involved.

In these circumstances, the unsubstantiated claims in Ortiz Garcia's Section 2255 motion "cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth." *Mejia v. United States*, 740 F.Supp.2d 426, 429 (S.D.N.Y. 2010). *See also United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (explaining that testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony"). Although Ortiz Garcia initially stated that he did not know what he was picking up, he subsequently clarified that he did not know whether he was picking up heroin or cocain but was aware that he was picking up illegal drugs.[3] (Tr. at 14:21-15:16). Even assuming

---

[3]

This is sufficient to satisfy the *mens rea* requirement under 21 U.S.C. §§ 846 and 841(b)(1)(B). It is not necessary for Ortiz Garcia to have known the exact type of drug as long as he was aware that some controlled substance was involved. *See United States v. Abdulle*, 564 F.3d 119, 126 (2d Cir. 2009).

4

that Ortiz Garcia spoke to his counsel before offering this clarification, he has not established that

his clear and unprompted statement that he knew that he was to have picked up heroin or cocaine,

but did not know which, was false.

Additionally, the record reflects that Ortiz Garcia was informed of the elements of

the charge. Ortiz Garcia affirmed under oath that he had reviewed the charge and the plea

agreement with his counsel. (Tr. at 4:19-25; 11:14-20). And his subsequent statements describing

the conduct for which he pled guilty demonstrate that he understood the nature of the charged

offense.

In any case, Ortiz Garcia's ineffective assistance claim would fail because he cannot

establish that "there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 106 S.Ct. 366, 370

(1985). Had Ortiz Garcia insisted on going to trial, the government would have presented testimony

from DEA agents describing his efforts to avoid apprehension and his admission to DEA agents that

he was transporting illegal drugs. (Dkt. 40 at 19). Furthermore, by pleading guilty, Ortiz Garcia

was allowed to plead to a lesser included offense, which subjected him to a significantly lower

mandatory minimum term of imprisonment than he would have faced if he had not pled guilty.

Given this benefit and the weight of evidence had the case proceeded to trial, Ortiz Garcia has not

demonstrated a reasonable probability that he would not have entered the plea.

To the extend that Ortiz Garcia challenges his sentence on grounds independent of

his ineffective assistance claims, those challenges are procedurally defaulted by his failure to raise

them on direct appeal. *See Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (claims not

raised on direct appeal are procedurally barred unless movant can show (1) cause for failing to raise

the claim on direct appeal and prejudice therefrom or (2) actual innocence). As explained above,

5

Ortiz Garcia cannot demonstrate actual innocence or that he was prejudiced by entering into the plea agreement.

The Court notes also that a hearing on Ortiz Garcia's claims is unwarranted, as he "fail[s] to state a 'plausible' claim for relief under 28 U.S.C. § 2255." *Puglisi v. United States*, 586 F.3d 209, 218 (2d Cir. 2009).  Because there are no factual issues to resolve, there is no need for an evidentiary hearing.

Ortiz Garcia's motion to vacate his sentence [20-cv-08505, Dkt. 1; 17-cr-00601, Dkt. 39] is denied.  A certificate of appealability is denied and the Court has concluded than any appeal from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:          January 25, 2021

Lewis A. Kaplan
United States District Judge